Coburn et al., Appellees, v. Williams, Director, Appellant; Washburn, Appellee.

[Cite as Coburn v. Williams (1978), 55 Ohio App. 2d 164.]

(No. 77AP-679—Decided January 26, 1978.)

Mr. *William J. Brown*, attorney general, and *Ms. Margaret A. Malone*, for appellant.

Messrs. *Vorys, Sater, Seymour & Pease*, Mr. *John W. Hoberg*, and Messrs. *McKinney & Hoskins*, for appellee Harold Washburn.

Messrs. *Segreti & Tousey*, for appellees Samuel R. Coburn et al.

Strausbaugh, J.  This is an appeal by Ned E. Williams, Director of Environmental Protection, from the findings of fact and final order issued by the Environmental Board of Review on August 5, 1977, ordering that the Director's dismissal order of January 14, 1976, be vacated and ordering the Director to perform a sufficient investigation of the Coburns' verified complaint sometime during the 1977 peak operating period of appellee Harold Washburn's facility, followed by an order as provided in R. C. 3745.08.

The record reveals that the Coburns filed a complaint under R. C. 3745.08 alleging that appellee Harold Washburn, d.b.a. East Monroe Farm Services, was operating his grain elevator contrary to fugitive dust and anti-nuisance regulations and laws of the Ohio Environmental Protection Agency; that the Director made two visits to the site but not when the facility was in normal operation; and that

the Director issued an order dismissing the verified complaints. Thereafter, the Environmental Board of Review conducted a hearing *de novo* on the.complaint to determine whether or not the Director's order was lawful and reasonable. The Environmental Board of Review vacated the Director's order and returned the matter to the Director to make a thorough investigation as required by R. C. 3745.08 and to issue an appropriate order based thereon.

The Director in his appeal brings the following two assignments of error:

"1. The Environmental Board of Review erred in failing to dismiss this appeal for lack of jurisdiction.

"2. The Environmental Board of Review erred in ordering that the Director, subsequent to performing an additional investigation of the verified complaint issue an order pursuant to section 3745.08."

R. C. 3745.08 provides, in part:

"An officer of an agency of the state or of a political subdivision, acting in his representative capacity, or any person aggrieved or adversely affected by an alleged violation may file a verified complaint, in writing, with the director of environmental protection alleging that another person is violating or threatens to violate any law, rule, or standard, any order relating to air pollution, water pollution, or solid waste disposal, or, if the person is in possession of a valid license, permit, or variance relating to air pollution, water pollution, or solid waste disposal, that the person is violating or threatens to violate the conditions of such license, permit, or variance. Upon receipt of the complaint, the director shall cause a prompt, thorough investigation to be conducted. If, upon completion of the investigation, there is not probable cause to believe that a violation has occurred or will occur, the director shall, by order, dismiss the complaint. If there is probable cause to believe that a violation has occurred, or will occur, the director shall either cause a copy of the complaint to be served upon the alleged violator, conduct a hearing, and enter such order as may be necessary, or he shall request that the attorney general commence appropriate legal proceedings. * * *"

R. C. 3745.07 provides, in part:

"If the director issues, denies, modifies, revokes, or renews a permit, license, or variance without issuing a proposed action, an officer of an agency of the state or of a political subdivision, acting in a representative capacity, or any person who would be aggrieved or adversely affected thereby, may appeal to the environmental board of review, within thirty days of the issuance, denial, modification, revocation, or renewal."

We agree with the argument of the Director that the right to appeal provided in R. C. 3745.07 does not encompass the type of appeal involved in the present case where the Director was not involved in issuing, denying, modifying, revoking or renewing a permit, license, or variance. No action was taken by the Director with respect to the permit issued by the Ohio Environmental Protection Agency to a facility operated by appellee Washburn.

R. C. 3745.04 provides, in part:

"As used in this section, 'action' or 'act' includes the adoption, modification, or repeal of a regulation or standard, the issuance, modification, or revocation of any lawful order other than an emergency order, and the issuance, denial, modification, or revocation of a license, permit, lease, variance, or certificate, or the approval or disapproval of plans and specifications pursuant to law or regulation thereunder.

"Any person who was a party to a proceeding before the director may participate in an appeal to the environmental board of review for an order vacating or modifying the action of the director of environmental protection or local board of health, or ordering the director or board of health to perform an act. The environmental board of review has exclusive original jurisdiction over any matter which may, under this section, be brought before it."

In the present case, upon receipt of the complaint, the Director caused an investigation to be made, finding that there was not probable cause to believe that a violation had occurred; whereupon, the Director *by order* dismissed the complaint. We find that such order of dismissal by the

Director is contained in the definition of action contained in R. C. 3745.04, and, that, therefore, any person who is a party to a proceeding before the Director may participate in an appeal to the Environmental Board of Review for an order vacating or modifying the action of the Director of Environmental Protection. For the foregoing reason we find that the Environmental Board of Review has jurisdiction to review orders of the Director of the Ohio Environmental Protection Agency. The Director's first assignment of error is not well taken and is, therefore, overruled.

With respect to the second assignment of error, we find that under R. C. 3745.04, where the Director's order is found to be unlawful and unreasonable by the Environmental Board of Review, that section provides that the Environmental Board of Review may issue an order vacating or modifying the action of the Director. The Environmental Board of Review could have told the Director which order to issue, but it did not. Instead it ordered the Director to conduct a new investigation followed by an order which could either be an order dismissing the complaint or an order limiting the violation. We agree with the Director that such an order is in error. The Board has authority to order the Director to conduct an additional investigation but it cannot limit the Director's option of requesting that the Attorney General commence appropriate legal proceedings under R. C. 3745.08. Appellant's second assignment of error is therefore partially overruled and partially sustained, and the order of the Environmental Board of Review is therefore modified to include the option of the Director to refer the matter, following investigation, to the Attorney General in accordance with R. C. 3745.08. The order of the Environmental Board of Review is therefore partially affirmed and partially modified in accordance with law and this decision.

*Order affirmed as modified.*

Holmes, P. J., and Whiteside, J., concur.