CECOS INTERNATIONAL, INC., Appellant,

v.

SCHREGARDUS, Dir., Appellee.

[Cite as *CECOS Internatl., Inc. v. Schregardus* (1993), 87 Ohio App.3d 653.]

Court of Appeals of Ohio,
Franklin County.

No. 93AP–15.

Decided May 11, 1993.

*Bricker & Eckler, Charles H. Waterman II* and *Frank L. Merrill,* for appellant.

*Lee Fisher*, Attorney General, and *Lauren C. Angell*, Assistant Attorney General, for appellee.

*Samuels & Northrop, Stephen P. Samuels* and *Renee J. Houser*, for Clermont County.

---

CLOSE, Judge.

Appellant, CECOS International, Inc. ("CECOS"), owns and operates a hazardous waste storage, treatment and disposal facility located in Clermont County, Ohio. In May 1988, CECOS applied for, and was ultimately granted, a National Pollutant Discharge Elimination System ("NPDES") permit in order to discharge into the East Branch of Pleasant Run Creek. Appellee, Donald Schregardus, Director of the Environmental Protection Agency ("EPA"), issued the NPDES permit authorizing the discharge under several conditions. Principal among these conditions was that CECOS give prior notice to the EPA, submit bioassay and chemical analytical data, and await EPA approval before discharging. The prior notice and approval issue formed the basis of CECOS's first appeal to this court. See *CECOS Internatl., Inc. v. Shank* (1992), 79 Ohio App.3d 1, 606 N.E.2d 973.

In the first appeal, we held that the prior notice and approval conditions, as originally drafted, were not supported by the evidence. However, the opinion went on to state that prior notice and approval conditions might be proper if they were reasonably drawn to conform to the Environmental Board of Review's ("EBR") factual findings and were consistent with the purposes sought to be achieved. On remand, the EBR remanded the matter to the director "for reconsideration of the questions of prior notice and prior approval as previously ordered by the Director and for such other and further proceedings as are necessary and in accordance with law and the Opinion and Order of the Court of Appeals." It is from this order that CECOS now appeals.

CECOS raises the following assignments of error:

"Assignment of Error No. 1

"The board lacked authority to remand the action to the director.

"Assignment of Error No. 2

"The board's remand of the action to the director is inconsistent with this court's March 24, 1992 opinion issued in connection with appellant's appeal of the board's ruling on appellant's NPDES permit."

By its first assignment of error, CECOS contends that the EBR lacks authority to remand an action to the director. CECOS argues that R.C. 3745.05

only mentions vacation or modification of the director's actions and, therefore, by its exclusion, remand is not an authorized remedy. In support, CECOS relies on this court's decision in *Ontario v. Whitman* (1973), 47 Ohio App.2d 81, 1 O.O.3d 192, 352 N.E.2d 162.

In *Ontario*, we held that the EBR's responsibility goes beyond ensuring that the director observes the procedural rights of the parties and also includes the authority to review the director's actions regarding substantive rights. Specifically before the court was whether the EBR may vacate or modify an action of the director that is unreasonable or unlawful. CECOS argues that, since the authority to remand an action was not addressed in *Ontario*, then it necessarily stands for the proposition that the board does not possess the power to remand an action to the director. We are unpersuaded by CECOS's position.

R.C. 3745.05, relied upon by CECOS, generally governs hearings before the EBR. This provision specifically empowers the EBR to affirm, vacate or modify an order of the director. CECOS again argues that, since remand is not enumerated in R.C. 3745.05, then it is not an option available to the board. However, R.C. 3745.04 provides in part:

"Any person who was a party to a proceeding before the director may participate in an appeal to the environmental board of review for an order vacating or modifying the action of the director of environmental protection or local board of health, or ordering the director or board of health to perform an act. The environmental board of review has exclusive original jurisdiction over any matter which may, under this section, be brought before it."

It was an interpretation of these provisions that led the *Ontario* court to conclude:

"It is emphasized again that while R.C. 3745.05 simply states that the board may issue an order 'vacating or modifying' the action appealed from, the far more significant and far-reaching authority of the board arises from the basic grant of power found in R.C. 3745.04, specifically, in addition to vacating or modifying, 'ordering the director * * * to perform an act,' such as to issue a permit when the board finds the order of the director to be 'unreasonable and unlawful' (R.C. 3745.05). * * *" *Id.,* 47 Ohio App.2d at 89, 1 O.O.3d at 197, 352 N.E.2d at 166.

R.C. 3745.04 defines an "act" as:

"* * * [T]he adoption, modification, or repeal of a rule or standard, the issuance, modification, or revocation of any lawful order other than an emergency order, and the issuance, denial, modification, or revocation of a license, permit, lease, variance, or certificate, or the approval or disapproval of plans and specifications pursuant to law or rules adopted thereunder."

In the present case, the EBR is exercising its broad grant of jurisdiction to order the director to modify the conditions contained in a permit. Modifying a permit is expressly included in the definition of an act under R.C. 3745.04 and, therefore, the EBR is authorized to order the director to do so. The board's authority to command the director to perform an act would be meaningless without the authority to send the action back to the director. The ability to remand an action is implicit in the board's grant of exclusive original jurisdiction over the director's actions.

This conclusion is further supported by cases decided subsequent to *Ontario*. In *Coburn v. Williams* (1978), 55 Ohio App.2d 164, 9 O.O.3d 327, 380 N.E.2d 770, we held that the EBR may remand the matter to the director to perform a sufficient investigation on a verified complaint, so long as the EBR's order does not limit the director's ability to request the Attorney General to commence legal proceedings. Then in *Rings v. Nichols* (1983), 13 Ohio App.3d 257, 13 OBR 320, 468 N.E.2d 1123, we held that the EBR need not affirm or vacate an order *in toto* but may do so in part. Implicit in a partial reversal is a remand to the director to comply with the reviewing body's order. Finally, we have concluded that, under certain circumstances, it is improper for the board to remand the matter to the director for investigation without first conducting a hearing *de novo*. *Conley v. Shank* (1988), 54 Ohio App.3d 185, 561 N.E.2d 1020. Conversely, if the hearing would have been held, a remand might have been proper.

The authority to remand an action is necessary for the EBR to fulfill its jurisdictional function. The board may compel the director to perform an act and to do so by way of remand is not procedurally invalid.

CECOS's first assignment of error is overruled.

■ CECOS next argues that the board's remand order is not in accordance with law because it is inconsistent with this court's previous opinion. In our previous opinion, we held that:

"As a result, while the EBR's findings of fact may support prior approval and notice conditions, the conditions imposed herein are not reasonable under the circumstances. Since, however, the findings may support proper prior notice and approval conditions, this issue may be addressed upon remand. * * *"

Dovetailing its first assignment of error, CECOS argues that, since the prior notice and approval conditions were not supported by the evidence, as written, and that the EBR has no authority to remand, then the board must either delete the notice and approval conditions totally or develop new lawful standards itself. Since we have determined that a remand to the director is proper, the board's actions are not as restricted as CECOS suggests. The board may remand this action to the director to draft new notice and approval standards that comply

with our previous decision and fit within the perimeters of the board's supported factual findings.

We do agree with the director's brief, wherein he suggests that the board's order is inartfully drafted. To the extent that the order may imply that additional proceedings are permissible, it is in error. On remand to the director, his authority is limited to redrafting the erroneous provisions within the specific findings of this court's previous opinion. The prior notice and approval conditions must be based upon those factual findings of the board that were found to be supported by reliable, probative and substantial evidence.

CECOS's second assignment of error is overruled.

CECOS's assignments of error are overruled, and the judgment of the Ohio Environmental Board of Review is affirmed.

*Judgment affirmed.*

PEGGY BRYANT, P.J., and TYACK, J., concur.